Kyle Farnam, ABA No. 1610085
COZEN O'CONNOR
999 Third Avenue, Suite 1900
Seattle, WA 98104
Telephone: 206.340.1000
Toll Free Phone: 1.800.423.1950
Facsimile: 206.621.8783
E-mail: kfarnam@cozen.com

Patrick N. Bergt, ABA No. 1005008
GUESS & RUDD P.C.
1029 W. 3rd Ave., Suite 400
Anchorage, Alaska 99501
Telephone: 907-793-2200
Facsimile: 907-793-2299
E-mail: pbergt@guessrudd.com

Attorney for Plaintiffs

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

NEIL and ROXANA BERGT, a married couple; and, STATE FARM FIRE AND CASUALTY COMPANY, as subrogee of Neil and Roxana Bergt;

    Plaintiffs,

v.

GENERAL ELECTRIC COMPANY, a New York corporation,

    Defendant.

Case No.

COPY
Original Received
AUG 10 2017
Clerk of the Trial Courts

## COMPLAINT

Comes now Plaintiffs by and through their attorneys of record and allege the following complaint against Defendant General Electric Company:

## I. PARTIES

1.1 The subject matter that forms the basis of this lawsuit is a fire loss which occurred on or about July 2, 2016, that damaged the property owned by Neil and Roxana Bergt located at 509 Fireweed, Homer, Alaska (the "subject property").

1.2 At all times relevant, Plaintiffs Neil and Roxana Bergt (the "Bergts"), a married couple, were domiciled in Homer, Alaska.

1.3 At all times relevant, Plaintiff State Farm Fire and Casualty Company (hereinafter "State Farm") is and was an Illinois company with its principle place of business in Bloomington, Illinois. State Farm provided insurance coverage to Neil and Roxana Bergt in case of fire or other casualty.

1.4 Upon information and belief, at all times relevant, Defendant, General Electric Company (hereinafter "GE") is a corporation organized and existing under the laws of the State of New York, with its principle place of business located at 3135 Easton Turnpike, Fairfield, Connecticut, 06828. It is believed GE manufacture, design and engineer double oven appliances and place them into distribution to the public.

## II. JURISDICTION AND VENUE

2.1 Plaintiffs reallege all preceding paragraphs as though fully set forth herein.

2.2 The amount of Plaintiff's claim for damages exceeds $100,000.00. Therefore, jurisdiction in this matter is conferred to the Superior Court of the State of Alaska.

2.3 The incident that forms the basis of this lawsuit occurred in Homer, Alaska, and venue in this matter is properly laid in the Third Judicial District at Anchorage.

## III. FACTS

3.1 Plaintiffs reallege all preceding paragraphs as though fully set forth herein.

3.2   At all times relevant, Plaintiffs Bergts were owners and/or occupants of the subject property.

3.3   Prior to the loss, Plaintiffs Bergts purchased insurance coverage from Plaintiff protecting against damage to their property and contents in the subject property.

3.4   Prior to the loss, a double oven manufactured, branded, and/or distributed by Defendant GE (the "Product") was installed in the subject property.

3.5   On or about July 2, 2016 Mr. Bergt turned the subject oven on and in clean mode. Shortly thereafter, a fire was discovered and caused substantial damage to the subject property.

3.6   Investigation subsequent to the fire confirms the Product was in a defective condition unreasonably dangerous and caused the fire to the subject property while being used in a foreseeable manner.

3.7   Plaintiff State Farm has made payments to its insureds for the damages sustained as a result of the fire pursuant to the terms of its insurance policy and is equitably, contractually, and legally subrogated to all rights and remedies that its insureds may have against Defendant to the extent of payments made.

3.8   Plaintiffs Bergts have suffered certain uninsured losses as a result of the fire.

3.9   Plaintiff incurred damages in an amount to be proven at trial. The estimated damages to exceed $2,500,000.

## IV. COUNT I – PRODUCTS LIABILITY

4.1   Plaintiffs reallege all preceding paragraphs as though fully set forth herein.

4.2   Defendant GE designed and/or manufactured the subject Product.

4.3   Defendant GE owed a duty to manufacture the Product in a reasonably safe manner, free from engineering, design or construction defects, fit for its intended use, and to ensure that the Product sold to the public was safe and would not pose a risk of harm to the ultimate users of the product or to property owners and/or occupants in the vicinity.

COMPLAINT
Page 3 of 5

EXHIBIT A
Page 3 of 5

Case 3:17-cv-00251-JWS   Document 1-1   Filed 11/29/17   Page 3 of 5

4.4 The subject product manufactured by GE was in a defective condition and unreasonably dangerous in that it contained engineering, design, manufacturing and development defects that prevented it from working or operating in a proper manner, was not fit for its intended use and was dangerous to the ultimate user because an ordinary consumer does not contemplate that using the Product in a foreseeable manner will cause a fire and result in substantial fire damage;

4.5 In the alternative, the failure referenced in the complaint was caused by improper or poor manufacturing and/or use of substandard materials during the manufacture of the product and its component parts.

4.6 The Product contained a defect or flaw that departed from engineering or design specifications for the manufacture of this Product.

4.7 The fire occurred as a direct and proximate result of defects in the Product that existed at the time of manufacture and shipment from Defendant GE.

4.8 Defendant GE failed to adequately warn or notify consumers of the Product's defective condition.

4.9 Defendant GE is strictly liable for Plaintiff's damages in an amount to be proven at time of trial.

## V. PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for judgment in its favor and against Defendant General Electric Company, as follows:

A. For damages to property in an amount to be determined at trial;

B. For consequential and incidental damages as may be proven at trial;

C. For prejudgment interest as allowed by law until final judgment is rendered;

D. For Plaintiff's costs and expenses incurred herein; and

E. For any further relief the Court deems fair and equitable under the circumstances.

COMPLAINT
Page 4 of 5

EXHIBIT A
Page 4 of 5

Case 3:17-cv-00251-JWS   Document 1-1   Filed 11/29/17   Page 4 of 5

DATED this 10th day of August, 2017.

COZEN O'CONNOR

By: _____
Kyle Farnam, ABA 1610085
Attorney for Plaintiffs

GUESS & RUDD, P.C.

By: _____
Patrick N. Bergt, ABA 1005008
Attorney for Plaintiffs